**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Carolyn Watkins MARSH, Defendant—**
**Appellant.**

**No. 00–50715.**

**D.C. No. CR–00–00313–WMB.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 12, 2002.*

Decided Aug. 16, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, and TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM **

Carolyn Watkins Marsh appeals her conviction at a bench trial of misdemeanor conversion of government property in vio-

** This disposition is not appropriate for publication and may not be cited to or by the

lation of 18 U.S.C. § 641 and sentence of 2 years of probation and $750 restitution. Her attorney has moved to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Marsh has not submitted a supplemental pro se brief. We have jurisdiction pursuant to 28 U.S.C. § 1291. We grant counsel's motion and dismiss the appeal.

Counsel's *Anders* brief identifies and rejects three potential issues for appeal. We agree that the issues identified cannot support an appeal.

First, the evidence in the record that Marsh kept property lent to her by the government even though she knew she had no right to do so was sufficient to support her conviction for conversion of government property. *See United States v. Eden,* 659 F.2d 1376, 1382–83 (9th Cir. 1981).

Second, counsel notes four evidentiary objections overruled by the district court. We will reverse only if we find an abuse of discretion that materially affected the verdict. *United States v. Beltran,* 165 F.3d 1266, 1269 (9th Cir.), *cert. denied,* 528 U.S. 881, 120 S.Ct. 194, 145 L.Ed.2d 163 (1999). A government witness testified from hearsay knowledge to a fact which was then testified to by the very next witness from personal knowledge, thus curing any lack of foundation. A third witness was asked about inconsistent prior statements to an investigator, as permitted by Fed.R.Evid. 613(a). An undisputedly expert physician was asked whether Marsh had exhibited any symptoms during his examination of her that would have prevented her from reading or understanding a letter, seeking extrapolation well within his sphere of competence. *See Gen. Elec. Co. v. Joiner,* 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997);

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*United States v. Hermanek*, 289 F.3d 1076, 1093 (9th Cir.2002). All four objections were properly overruled. Even had all four rulings been erroneous, the evidence thus admitted was merely cumulative in light of the whole record, and no prejudice accrued.

■ Third, the record would support restitution far higher than the $750 Marsh was ordered to pay, and the district court had the right to order her to pay it under the Probation Department's supervision. *United States v. Barany*, 884 F.2d 1255, 1259–60 (9th Cir.1989).

Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988) discloses no issues for review. Counsel's motion to withdraw is **GRANTED**, and the district court's judgment is **AFFIRMED**.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.